UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Engineering & Construction Innovations, Inc., | Case No. 20-cv-808 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Bradshaw Construction Corporation and Travelers Casualty & Surety Company of America, | |
| Defendants. | |

Ernest F. Peake, Patrick J. Lindman, and Paul Shapiro, Taft Stettinius & Hollister LLP, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402 (for Engineering & Construction Innovations, Inc.); and

Dean B. Thomson and Julia J. Douglass, Fabyanske Westra Hart & Thomson, PA, 333 South Seventh Street, Suite 2600, Minneapolis, MN 55402 and Rachael L. Russo and Thomas Louis Rosenberg, Roetzel & Andress, LPA, 41 South High Street, Huntington Center, Columbus, OH 43215 (for Bradshaw Construction Corporation and Travelers Casualty & Surety Company of America).

This matter is before the Court on Plaintiff Engineering & Construction Innovations, Inc.'s Motion to Amend Complaint. (ECF No. 55). The Court has reviewed and considered all papers filed in connection with the motion. For the reasons that follow, the Court will grant the motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Engineering & Construction Innovations, Inc. ("ECI") is a general contractor that entered into a contract with the City of Minneapolis to install a water main

under the Mississippi River near the 10th Avenue Bridge (ECF No. 61, p. 3). ECI hired Defendant Bradshaw Construction Corporation ("Bradshaw") as a subcontractor to provide microtunneling work. (ECF No. 61, p. 7). The contract between Bradshaw and ECI requires Bradshaw to indemnify, defend, and save harmless ECI and Minneapolis from all claims, damages, and expenses that result from Bradshaw's intentional or reckless misconduct, omissions, or negligent acts. (ECF No. 61, p. 22). Bradshaw also obtained a performance bond from Travelers to guaranty Bradshaw's performance of the worked required under the contract. (ECF No. 61, p. 8).

ECI alleges that Bradshaw's work was defective, causing two flood events and substantial delay to the project. (ECF No. 61, pp. 9-10). ECI further alleges that Bradshaw failed to complete the work called for under its contract because Bradshaw tunneled only 70 of 896 feet (ECF No. 61, p. 12) and that Bradshaw later entered the work site without permission, causing another flooding event. (ECF No. 61, p. 15). After the parties were unable to resolve disputes related to Bradshaw's performance, Minneapolis required ECI to terminate Bradshaw and remove it from the project. (ECF No. 61, p. 15). ECI did so and requested that Travelers perform under the bond. (ECF No. 61, p. 16). Travelers refused. (ECF No. 61, p. 16).

On March 16, 2020, ECI served Travelers and Bradshaw with a summons and complaint, which it intended to file in state court. (ECF No. 1-1, p. 1). In response, Travelers filed a lawsuit against ECI in federal court. Travelers sought declaratory relief as to its rights and obligations under the bond. (ECF No. 1, 20-cv-795 & ECF No. 83, 20-cv-808). ECI then filed suit in state court against Travelers and Bradshaw, who removed it to

2

federal court. The cases have since been consolidated into this matter for further proceedings.

ECI then requested that Bradshaw defend, indemnify, and save harmless ECI in the Travelers lawsuit, pursuant to the indemnification clause in the contract between Bradshaw and ECI. ECI alleges that Bradshaw has failed or declined to do so. It now seeks to amend its complaint to add a breach of contract claim against Bradshaw for its alleged failure to indemnify ECI.

## II. ANALYSIS

Once 21 days have passed after service of a responsive pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although leave to amend 'shall be freely given when justice so requires,' *see* Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). The Court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)). "[A] motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.'" *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (quoting *Gamma–10 Plastics, Inc. v. American President Lines, Ltd.*, 32

3

F.3d 1244, 1255 (8th Cir. 1994)). In general, motions for leave to amend under Rule 15 may only be denied in "limited circumstances." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001).

Bradshaw argues only the proposed amendment is futile.[1] A motion for leave to amend a pleading is futile when the amended pleading would not be able to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). In doing so, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (citation and internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Complaints are insufficient if they

---

[1] At the hearing, Bradshaw challenged other amendments beyond the addition of a new breach-of-contract claim, but did not discuss those issues in its brief, or cite to any legal authority as to why they were improper. The Court therefore will consider only Bradshaw's challenge to the failure to indemnify claim.

4

contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Because this is a diversity case, the Court applies Minnesota substantive law to resolve this dispute. *Sletten*, 782 F.3d at 934. "To plead a breach-of-contract claim under Minnesota law, the plaintiff must allege that (1) an agreement was formed, (2) the plaintiff performed any conditions precedent to the plaintiff's demand of performance by the defendant, and (3) the defendant breached the contract." *Mono Advertising, LLC v. Vera Bradley Designs, Inc.*, 285 F. Supp. 3d 1087, 1089–90 (D. Minn. 2018) (citing *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014)). ECI argues these elements are easily satisfied, citing to allegations in the proposed amended complaint that show the contract between ECI and Bradshaw contained an indemnification clause; that ECI has performed all conditions precedent to the indemnification clause; and that Bradshaw has refused to indemnify ECI.

In response, Bradshaw first argues that the indemnification clause does not require it to defend or indemnify against declaratory judgment actions. In interpreting whether the parties intended the indemnification clause to include declaratory judgment actions, the Court is bound by the plain language of the contract. *Employers Mut. Cas. Co. v. A.C.C.T., Inc.*, 580 N.W.2d 490, 493 (Minn. 1998). The indemnification provision reads as follows:

> 6. **INDEMNIFICATION**. Subcontractor will defend, indemnify and save harmless Contractor and Owner, and their respective officers, directors and agents, to the fullest extent of the law, from any and all claims, damages, and expenses, in whole or part, including costs, expert fees, and reasonable attorney's fees, bodily injury or property damage, arising or in any way resulting from: []

5

> ii. Subcontractor Acts. Intentional or reckless misconduct, omissions, or negligent acts by the Subcontractor or its agents, employees, subcontractors and others for whom Subcontractor is responsible; third party claims arising from Subcontractor's breach of any term of this Agreement[.]

(ECF No. 65-1, p. 6). Bradshaw does not argue the plain language of this provision cited above excludes declaratory judgment actions from indemnification. And it would be difficult for Bradshaw to do so. The indemnification provision set forth above encompasses "all claims" and "expenses," including "reasonable attorney's fees." The plain language of this provision is more than broad enough to include an action for declaratory judgment, as well as a claim for any attorney's fees that ECI would incur in defending itself in such an action.

Bradshaw argues, however, that the Court must read the language above in conjunction with additional language in the indemnification clause, which requires Bradshaw to "obtain, maintain, and pay for Commercial General Liability Insurance coverage that will insure the provisions of [the indemnification clause.]" (ECF No. 65-1, p. 6). Bradshaw also argues the Court must read the indemnification clause in conjunction with paragraph five of the ECI/Bradshaw contract, which require Bradshaw to obtain certain insurance policies that are unrelated to a surety's declaratory judgment action. Bradshaw contends that because these additional provisions do not require it to obtain insurance coverage for declaratory judgment actions, it is not required to indemnify ECI in the declaratory judgment action.

6

Bradshaw's argument may have merit. But it cannot be resolved on the record before the Court. In the Rule 12(b)(6) context, the Court is limited in this matter to the factual allegations of the complaint. *Iqbal*, 556 U.S. at 680. Nowhere in its proposed amended complaint does ECI cite to the provisions of the particular Commercial General Liability policy that Bradshaw obtained. Nor does ECI allege any facts that would show those insurance policies do not usually include coverage for declaratory judgment actions. Bradshaw has not asked the Court to take judicial notice of the Commercial General Liability policy in deciding this motion. As a result, the Court cannot assess whether the Commercial General Liability policy limits Bradshaw's obligations under the indemnification clause.

For similar reasons, the Court cannot conclude that paragraph five of the contract relieves Bradshaw of its responsibility to indemnify ECI in declaratory judgment actions. While paragraph five requires that Bradshaw obtain several insurance policies for the benefit of ECI, it is silent as to whether the parties intended those policies to limit the broad language of the indemnification clause. Discovery regarding the relevant insurance policies and the parties' ordinary business practices may demonstrate the parties intended paragraph five to cap Bradshaw's obligations under the indemnification clause. But that information is not before the Court currently.

Bradshaw also argues that ECI's counterclaim is futile because it would require an absurd and unenforceable interpretation of the contract. In particular, Bradshaw asserts that ECI's alleged interpretation of the contract is illogical because it would require Bradshaw to defend ECI in Traveler's declaratory judgment action and thus take a position that is

7

contrary to the position Bradshaw has taken in its own litigation with ECI. Bradshaw argues such a result would violate Minnesota law.

Minnesota law requires courts to avoid constructions of contracts that would lead to absurd results. *Employers Mut. Liab. Ins. Co. of Wis. v. Eagles Lodge of Hallock, Minn.*, 165 N.W.2d 554, 556 (Minn. 1969). Under Minnesota law, indemnification agreements in building or construction contracts are unenforceable unless "the underlying injury or damage is attributable to the negligent or otherwise wrongful act or omission, including breach of a specific contractual duty, of the promisor or the promisor's independent contractors, agents, employees, or delegates[.]" Minn. Stat. § 337.02. Put another way, "Section 337.02 . . . renders unenforceable indemnification agreements in which a party assumes responsibility to pay for damages that are not caused by the party's own wrongful conduct. *Eng'g & Const. Innovations, Inc. v. L.H. Bolduc Co.*, 825 N.W.2d 695, 711 (Minn. 2013).

As with Bradshaw's previous argument, the Court cannot resolve this claim in a Rule 12(b)(6) motion. Bradshaw's argument presumes that it would be unfair and unlawful for Bradshaw to indemnify ECI because ECI will ultimately be found at fault in this matter. But the issue of liability between Bradshaw and ECI will not be decided for some time, making it premature for the Court to decide whether it would be illogical or unlawful to require Bradshaw to indemnify ECI for ECI's negligent conduct. The Court is capable of managing this litigation to ensure the legal issues are resolved in such an order that neither party is foreclosed from asserting its rights under the indemnification clause and so that Bradshaw is not forced to take contrary positions throughout this lawsuit.

8

**III.    ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Engineering & Construction Innovations, Inc.'s Motion to Amend Complaint (ECF No. 55) is **GRANTED** and that ECI shall file its amended complaint within 14 days of this Order.

Date: September 3, 2020  　　　　　　　　　　　　　　　　 *s/ Tony N. Leung*
　　　　　　　　　　　　　　　　　　　　　　　　　Tony N. Leung
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　　　District of Minnesota

　　　　　　　　　　　　　　　　　　　　　　　　　*Engineering & Construction*
　　　　　　　　　　　　　　　　　　　　　　　　　*Innovations, Inc. v. Bradshaw*
　　　　　　　　　　　　　　　　　　　　　　　　　*Construction Company, et al.*

　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 20-cv-808 (WMW/TNL)