UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Engineering & Construction Innovations, Inc., | Case No. 20-cv-808 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Bradshaw Construction Corporation and Travelers Casualty & Surety Company of America, | |
| Defendants. | |

Ernest F. Peake, Patrick J. Lindman, and Paul Shapiro, Taft Stettinius & Hollister LLP, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402 (for Engineering & Construction Innovations, Inc.); and

Dean B. Thomson and Julia J. Douglass, Fabyanske Westra Hart & Thomson, PA, 333 South Seventh Street, Suite 2600, Minneapolis, MN 55402 and Rachael L. Russo and Thomas Louis Rosenberg, Roetzel & Andress, LPA, 41 South High Street, Huntington Center, Columbus, OH 43215 (for Bradshaw Construction Corporation and Travelers Casualty & Surety Company of America).

This matter is before the Court on Defendant Bradshaw Construction Corporation's ("Bradshaw") Motion for Leave to File Memorandum in Opposition to Plaintiff's Motion to Compel Instanter (ECF No. 145). In this motion, Bradshaw sought leave to file its response on April 26, 2021. (*Id.* at 2.) Bradshaw also filed its responsive memorandum. (ECF No. 146; *see also* ECF No. 145 at 1.)

On April 15, 2021, Plaintiff filed a motion to compel Bradshaw to produce certain documents requested by Plaintiff. (ECF No. 137.) A hearing on this motion is scheduled

1

for April 29, 2021. (ECF Nos. 138, 143-44.) According to this district's local rules, Bradshaw's response to Plaintiff's motion was due on or before April 22, 2021. *See* D. Minn. LR 7.1(b)(2) ("Within 7 days after filing of a nondispositive motion . . . . the responding party must file and serve [its response].")

Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. "Four factors inform this decision: (1) the possibility of prejudice to the opposing party; (2) the length of delay and the possible impact of the delay on judicial proceedings; (3) the party's reasons for delay, including whether the delay was within the party's 'reasonable control'; and (4) whether the party acted in good faith." *HSK, LLC v. United States Olympic Comm.*, 248 F. Supp. 3d 938, 942 (D. Minn. 2017) (citing *Chorosevic*, 600 F.3d at 946).

Counsel for Bradshaw, Thomas L. Rosenberg, states in the motion that he was out of town for an approximately two-week long trial that began on April 8, 2021. (ECF No. 145 at 1.) Mr. Rosenberg attaches an email he sent to counsel for Plaintiff on April 23,

2021, one day after the response was due, stating the same. (ECF No. 145-1 at 2.) In this email, Mr. Rosenberg requested if he could file the responsive memorandum on April 26. (*Id.*) Plaintiff's counsel replied on April 24 that Plaintiff did not agree with Mr. Rosenberg's request to file an untimely brief. (*Id.* at 1.)

Mr. Rosenberg concludes in his motion that "[b]ased on the lack of professional courtesy, Defendant Bradshaw is left with no option other than to seek leave from the Court to file its Memorandum in Response." (ECF No. 145 at 2.) As an initial matter, as Bradshaw seeks to alter a deadline after the time has already expired, Mr. Rosenberg would have needed to file this motion regardless of Plaintiff's position on the matter. *See* Fed. R. Civ. P. 6(b)(1)(B).

Further, the Court finds that Bradshaw's neglect was not excusable. Though Mr. Rosenberg was in trial, he is one of four attorneys assigned to this case. Nowhere in the motion or in his attached email does he mention why the other three attorneys representing Bradshaw could not contact Plaintiff's counsel or the Court prior to the deadline to file a response. Nor does Plaintiff's objection to the late filing demonstrate why Bradshaw was incapable of filing its response either due to inadvertence, mistake, carelessness, or a lack of circumstance beyond its control. Considering the four factors, the Court finds they weigh in favor of denying Bradshaw's motion, particularly because Plaintiff would be prejudiced in considering the late filing three days prior to the motion hearing; Bradshaw has not demonstrated that its delay was outside its reasonable control; and Bradshaw has not acted in good faith by using the crux of its argument to lay the blame for its delay at the feet of Plaintiff.

Therefore, based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Defendant Bradshaw Construction Corporation's Motion for Leave to File Memorandum in Opposition to Plaintiff's Motion to Compel Instanter (ECF No. 145) is **DENIED**. The Court will not consider Bradshaw's untimely response to Plaintiff's motion (ECF No. 146).

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April  27 , 2021

*s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Eng'g & Constr. Innovations, Inc. v. Bradshaw Const. Co., et al.*

Case No. 20-cv-808 (WMW/TNL)