UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Engineering & Construction Innovations, Inc., | Case No. 20-cv-0808 (WMW/TNL) |
| Plaintiff, | **ORDER** |
| v. | |
| Bradshaw Construction Corporation and Travelers Casualty & Surety Company of America, | |
| Defendants. | |

---

Before the Court is Defendants Bradshaw Construction Corporation (Bradshaw) and Travelers Casualty & Surety Company of America's (Travelers) motion to strike Plaintiff Engineering & Construction Innovations, Inc.'s (ECI) jury demand, (Dkt. 215), and Defendants' appeal of United States Magistrate Judge Tony N. Leung's April 7, 2022 decision granting ECI's motion to strike defense expert Donald Bergman's reply report and imposing sanctions against Bradshaw, (Dkt. 259). For the reasons addressed below, the Court affirms the magistrate judge's decision and grants in part and denies in part Defendants' motion to strike ECI's jury demand.

## BACKGROUND

In March 2019, ECI entered into a contract with the City of Minneapolis (City) for the installation of a water main under the Mississippi River as part of the City's 10th Avenue Water Main River Crossing Project (Project). Under this contract, ECI agreed to

construct the Project in accordance with the City's specifications, the City's Project Manual, ECI's proposal, and the City's modifications to those documents (collectively, "Construction Documents"). Under the City's Project schedule, construction on the Project was to commence by April 8, 2019, and be completed no later than March 31, 2020.

Bradshaw, a microtunneling subcontractor, won a contract to perform the microtunneling for the Project and, after reviewing and agreeing to comply with the Construction Documents, entered into a subcontracting agreement with ECI on May 30, 2019 (Subcontract). The Construction Documents required Bradshaw's microtunneling boring machine (MTBM) to be capable of satisfying the Project's specific requirements. Bradshaw assumed the responsibility of understanding the Project's requirements and specifications and the responsibility of warranting its work based on its independent review and inspection of the Project site and conditions. Under the Subcontract, Bradshaw agreed to "provide all labor, materials, services and equipment to perform the following scope of work on the Project: Install 60" steel casing via microtunneling" for the price of $2,611,481.25. Bradshaw warranted that it was experienced in this type of microtunneling and that it had visited the site, evaluated the conditions, and would be able to perform this work in conformity with the Contract Documents and as ECI had warranted. Bradshaw agreed to complete its work on or around November 22, 2019. Bradshaw also agreed to obtain a performance bond whereby Bradshaw and its surety were jointly and severally bound to ECI for the performance of

the subcontract. On September 24, 2019, Travelers and Bradshaw issued a performance bond to ECI as obligee in the amount of $2,651,532.80 (Surety Agreement).

On or around September 30, 2019, Bradshaw started its work on the Project. Bradshaw's efforts failed several times and damaged the shaft. Bradshaw completed less than 10 percent of the total tunneling distance by the January 2020. At the City's direction, ECI terminated Bradshaw from the Project in February 2020.

On March 16, 2020, ECI sued Bradshaw and Travelers in Hennepin County District Court, Fourth Judicial District. Defendants removed the case to this Court on March 26, 2020. ECI alleges breach of contract, a claim on the bond, negligence, trespass, and tortious interference with contractual relations. Defendants answered and asserted counterclaims against ECI.

On February 14, 2022, ECI moved to strike the initial expert reports of Joseph Egan and Donald Bergman for Bradshaw's failure to disclose documents on which Egan and Bergman relied in compiling their reports, and ECI also moved to strike Bergman's reply report as an improper submission.[1] At the April 7, 2022 hearing on the motions, the magistrate judge denied ECI's motion to strike Egan's initial expert report and imposed an alternative sanction. The magistrate judge permitted ECI's expert to review the previously undisclosed documents and supplement the expert report. The magistrate judge ordered Bradshaw to pay reasonable attorneys' fees and costs along with expenses associated with

---

[1] At a March 31, 2022 hearing, ECI withdrew its motion to strike Bergman's initial expert report.

the motion to strike and the expert's review of the undisclosed documents. Concluding that Bergman's reply report was an improper submission, the magistrate judge granted ECI's motion to strike Bergman's reply report.

Defendants now appeal the magistrate judge's decision on the motion to strike the expert reports. Defendants also move to strike ECI's jury demand, arguing that, under the Subcontract, ECI waived its right to a jury trial and that the jury waiver applies to claims brought by ECI against both Bradshaw and Travelers. The Court addresses, in turn, the magistrate judge's decision as to the Egan report, the magistrate judge's decision as to the Bergman report, and Defendants' motion to strike ECI's jury demand.

## ANALYSIS

### I. Defendants' Appeal of the Magistrate Judge's Decision

A district court conducts an "extremely deferential" review of a magistrate judge's ruling on a nondispositive issue. *Smith v. Bradley Pizza, Inc.*, 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018) (internal quotation marks omitted), *aff'd*, 821 F. App'x 656 (8th Cir. 2020). A magistrate judge's decision will be modified or set aside only if it is clearly erroneous or contrary to law. *Id.* (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3)). A decision is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A decision is contrary to law when a court "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation marks omitted). The Court

4

reviews the magistrate judge's decisions as to the Egan report and the Bergman report in turn.

### A. Joseph Egan's Expert Report

Finding that Egan's initial report referred to documents that were untimely disclosed to ECI, the magistrate judge concluded that Bradshaw's failure to disclose these documents before the discovery deadline was neither substantially justified nor harmless.

An expert report must contain "any exhibits that will be used to summarize or support" the report. Fed. R. Civ. P. 26(a)(2)(B)(iii). "If a party fails to provide information or identify a witness as required by Rule 26(a)," that failure may be excused only if "the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Courts consider four factors when determining whether a party's violation of Rule 26(a) is substantially justified or harmless: the importance of the excluded material, the party's explanation for failing to comply with the required disclosure, the potential prejudice that would arise from permitting the material to be used at trial or on a motion, and the availability of a continuance to cure such prejudice. *See Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008); *Transclean Corp. v. Bridgewood Servs., Inc.*, 101 F. Supp. 2d 788, 795–96 (D. Minn. 2000). If a court finds that a party's failure to disclose documents on which the party's expert relies was neither substantially justified nor harmless, the court must exclude the evidence or, on a motion and after a hearing, "order payment of the reasonable expenses, including attorney's fees, caused by the failure" and "impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1).

Here, after applying the four relevant factors to Bradshaw's untimely disclosure of the documents on which Egan relied in his expert report, the magistrate judge concluded that Bradshaw's failure to disclose was neither substantially justified nor harmless. Rather than impose the harsh penalty of excluding the expert report, however, the magistrate judge ordered ECI's suggested alternative sanction—a continuance to allow ECI's expert to review the previously undisclosed evidence and supplement the expert report, if necessary. The magistrate judge also ordered Bradshaw to pay the reasonable fees and costs of the motion, the reasonable costs for ECI's expert review of the previously undisclosed documents and any necessary supplementation of ECI's expert's report, and reasonable attorneys' fees and costs associated with ECI's review of the undisclosed materials and any supplemental expert report.

Defendants argue that Bradshaw disclosed the requested documents after ECI filed its motion to strike, ECI did not need the documents, and the magistrate judge's decision disincentivizes parties from resolving discovery disputes. But Defendants neither argue nor demonstrate that the magistrate judge's decision was clearly erroneous or contravened the law. Rather, Defendants object to the magistrate judge's discretionary judgment as to the appropriate sanction for Bradshaw's misconduct.

Having reviewed the magistrate judge's decision for clear error or contravention of law, *Smith*, 314 F. Supp. 3d at 1026, the Court concludes that neither is present and affirms the magistrate judge's decision not to exclude the Egan expert report and to impose sanctions on Bradshaw.

B.    **Donald Bergman's Expert Reply Report**

Defendants also object to the magistrate judge's decision to exclude Bergman's reply report.

"[R]ebuttal evidence may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006). An expert's rebuttal or reply testimony is permitted "solely to contradict or rebut evidence on the same subject matter identified by another party" through that party's expert witness testimony. Fed. R. Civ. P. 26(a)(2)(D). "The function of rebuttal is to explain, repel, counteract or disprove evidence of the adverse party." *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005) (internal quotation marks omitted).

After reviewing the initial report of ECI's damages expert Mark Gentry and Bergman's reply to Gentry's report, the magistrate judge concluded that Bergman's reply report was improper because it failed to rebut evidence on the subject matter addressed in Gentry's report. Specifically, the focus of Gentry's report was damages. Although Gentry conducted a "schedule analysis" and discussed the Project, Gentry did not opine on construction issues. Gentry cited the background facts as he understood them and cited the documents on which he relied in making those statements of fact. The magistrate judge determined that Gentry cited *facts* as the background for his damage analysis. Bergman's reply report does not attack Gentry's opinion on damages, which was the purpose of Gentry's report, the magistrate judge concluded. The report instead seeks to discredit the

7

background information on which Gentry relied to reach his opinion on damages. The magistrate judge concluded that Bergman's reply report is improper because Bergman's reply report does not contradict evidence on the same subject matter on which Gentry opines in his expert report—namely, damages. The magistrate judge accordingly struck Bergman's reply report.

In their appeal, Defendants contend that Gentry addressed matters outside the purview of his report. According to Defendants, Gentry "offered opinions that are not the subject of a financial claims consultant to issue or rebut because they go to the heart of actual construction, the reasons and basis for the construction problems that occurred on the project and the like." Gentry's report addresses issues beyond damages, Defendants argue, which entitles them to provide expert testimony to rebut Gentry's non-damages assertions. And, according to Defendants, Bergman is qualified to undertake such a rebuttal.

This Court reviews the magistrate judge's decision for clear error or contravention of the law. *Smith*, 314 F. Supp. 3d at 1026. Experts are permitted to include factual background information in their expert reports. Indeed, the information included in Gentry's report that Defendants characterize as beyond the scope is, as the magistrate judge concluded, permissible background information for Gentry's expert report on damages. Because Bergman neither addresses damages in his reply report nor is a damages expert, Bergman's report is not a proper reply report. Because there is no clear error or

contravention of the law as to the magistrate judge's decision to strike Bergman's reply report, the Court affirms the decision.

## II.     Defendants' Motion to Strike ECI's Jury Demand

The parties agree that ECI waived its right to a jury trial in its Subcontract with Bradshaw.  But the parties dispute whether ECI's jury waiver in the Subcontract extends to ECI's claims against Travelers.

The right to a jury trial, as provided by the Seventh Amendment to the United States Constitution or federal statute, "is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). But, by agreement of the parties, the constitutional right to a jury trial may be waived. U.S. Const. amend. VII; Minn. Const. art. I, § 4; *see Nw. Airlines, Inc. v. Air Line Pilots Ass'n*, 373 F.2d 136, 142 (8th Cir. 1967) (stating that it is "well settled that a right to a jury trial may be waived").  A waiver is effective if the party waiving the right does so knowingly and voluntarily.  *Brookhart v. Janis*, 384 U.S. 1, 4–5 (1966).

Defendants contend that ECI is barred from seeking a jury trial for its claims against Travelers because the Surety Agreement incorporated by reference the Subcontract.  ECI disagrees.  A "surety is entitled to raise [a] principal's defenses to avoid liability." *W. Insulation Servs., Inc. v. Cent. Nat'l Ins. Co. of Omaha*, 460 N.W.2d 355, 357 (Minn. Ct. App. 1990); *accord Americana State Bank v. Jensen*, 353 N.W.2d 652, 655 (Minn. Ct. App. 1984) (explaining that "traditionally and universally, the surety has been entitled to raise the principal's contractual defenses, such as failure of consideration, in order to avoid liability on a note" (internal quotation marks omitted)).  At issue here is whether, when a

surety bond incorporates by reference a subcontract between the principal and a third party that includes a jury waiver, that waiver necessarily applies to the surety.

When a contract lacks limiting language, a performance bond may incorporate a construction contract "without limitation." *Granite Re, Inc. v. N. Lines Contracting, Inc.*, 478 F. Supp. 3d 772, 778 (D. Minn. 2020); *see also Painting Co. v. Walsh/Demaria Joint Venture III*, Nos. 2:09-0183, 2:09-0184, 2010 WL 1027424, at *2 (S.D. Ohio Mar. 12, 2010) (enforcing a contractual waiver of the right to jury trial and striking a subcontractors' demand for a jury trial against the general contractor and its two sureties, reasoning that, because the surety was entitled to assert the defenses of its principal, the surety necessarily has the right to rely on and enforce the jury trial waiver); *but see Attard Indus., Inc. v. U.S. Fire Ins. Co.*, No. 1:10cv121 (AJT/TRJ), 2010 WL 3069799, at *4 (E.D. Va. Aug. 5, 2010) (holding that a surety did not have the right to enforce a jury waiver provision in a subcontract, reasoning that because a jury trial waiver does not constitute a defense to liability, a surety does not "stand in the shoes" of its principal with respect to the jury waiver). In the context of loan agreements, the United States Court of Appeals for the Eighth Circuit has relied on the reasonable presumption against jury waiver and declined to impute a jury waiver from one contract into another contract that incorporates the former contract by reference when the jury waiver provision of the former contact limits the waiver. *See Bank of Am., N.A. v. JB Hanna, LLC*, 766 F.3d 841, 849 (8th Cir. 2014).[2] In

---

[2] The Eighth Circuit reasoned in *Bank of America* that the party "waived its jury-trial right 'with respect to any legal proceeding arising out of or relating to [the Master] Agreement or any Transaction contemplated hereby,' " and the "context of the agreement

addition, the "liberal federal policy favoring [the enforcement of] arbitration agreements," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), does not apply in the jury waiver context when there is both a "federal policy favoring jury trials," *Simler v. Conner*, 372 U.S. 221, 222 (1963), and a "presumption against waiver," *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937).

Here, the Surety Agreement between Bradshaw and Travelers provides that "[t]he Contractor and the Surety, jointly and severally, bind themselves, their heirs, executors, administrators, successors and assigns to the Owner for the performance of the Construction Contract, which is incorporated herein by reference." And the Subcontract's jury waiver states that any dispute between ECI and Bradshaw that is not resolved by arbitration "must be brought in state or federal court in Washington County, Minnesota, and the Parties agreed to waive any right to a jury, and that personal jurisdiction and venue are proper." The "Parties" in the Subcontract are identified as ECI and Bradshaw. In light of the strong presumption against jury waiver, *Aetna*, 301 U.S. at 393, and the requirement that a party waiving a right must do so knowingly and voluntarily, *Brookhart*, 384 U.S. at 4–5, the Court concludes that ECI's waiver of its jury trial rights with respect to disputes with Bradshaw does not extend to disputes with Travelers, which is not a party to the Subcontract. Indeed, the jury-waiver provision of the Subcontract expressly limits the waiver to disputes between ECI and Bradshaw. Moreover, a surety does not "stand in the

---

shows that a 'Transaction' means swaps entered into pursuant to the Master Agreement, not associated loans." 766 F.3d at 849.

shoes" of its principal with respect to the jury waiver because a jury waiver is not a defense to liability. *See Attard Indus.*, 2010 WL 3069799, at *4. A jury waiver merely alters who determines the facts in a lawsuit.

In summary, although the Subcontract's jury waiver precludes ECI from obtaining a jury trial as to its claims against Bradshaw, ECI is not barred from seeking a jury trial as to its claims against Travelers.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendants' motion to strike Plaintiff's jury demand, (Dkt. 215), is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. Defendants' motion to strike Plaintiff's jury demand is **GRANTED** as to ECI's claims alleged against Defendant Bradshaw Construction Corporation; and

   b. Defendants' motion to strike Plaintiff's jury demand is **DENIED** as to ECI's claims alleged against Defendant Travelers Casualty & Surety Company of America.

3. United States Magistrate Judge Tony N. Leung's April 7, 2022 decision, (Dkt. 249), is **AFFIRMED**.

Dated: August 22, 2022                                    s/Wilhelmina M. Wright
                                                          Wilhelmina M. Wright
                                                          United States District Judge